STATE of Iowa, Appellee,

v.

Larry LARUE, Appellant.

No. 90–1583.

Court of Appeals of Iowa.

Oct. 29, 1991.

Douglas E. Johnston, Muscatine, for appellant.

Bonnie J. Campbell, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and Stephen J. Petersen, County Atty., for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

Robert Hahn and Larry LaRue operated a legitimate auto repair business. The State alleges they also operated a "fencing" business, purchasing stolen property from burglars and thieves.

LaRue was charged with the crime of conspiracy to commit second-degree theft or second-degree burglary. At his jury trial, the State presented testimony from three persons who had allegedly committed thefts or burglaries and had then sold the stolen property to LaRue.

A jury found LaRue guilty of the crime of conspiracy to commit second-degree burglary or second-degree theft. LaRue has appealed from the resulting conviction.

LaRue contends there was insufficient evidence to corroborate the testimony of accomplices, as required by Iowa Rule of Criminal Procedure 20(3). He argues that other than the testimony of the thieves and burglars who allegedly sold stolen property to him, there was no evidence connecting him to any of the crimes. He alleges he and Hahn had done legitimate auto repair work for two of the alleged accomplices, thus providing an innocent explanation for evidence that he knew those individuals. He also alleges that those individuals' dissatisfaction with the repair work, and with the truck he and Hahn sold to one of them, might have given them a motive to testify falsely against him.

LaRue also contends the district court erred by declining to instruct the jury that

accomplice testimony could not support a conviction unless corroborated. The State responds that LaRue was not prejudiced by any instructional error because of the strength of the corroborative evidence.

In addition, LaRue challenges the sufficiency of the evidence to prove the primary element of the crime of conspiracy under Iowa Code section 706.1, namely an agreement or combination between himself and another to engage in criminal acts.

Finally, LaRue contends one of the district court's instructions erroneously listed the alleged coconspirators. He complains because the instructions listed an alleged coconspirator, Daniel Sheets, who had exercised his privilege against self-incrimination and had refused to testify. He argues the listing of Sheets as a coconspirator was prejudicial to him because it allowed the jury to speculate about the knowledge Sheets may have possessed.

SCOPE OF REVIEW: In criminal cases we view the evidence in the light most favorable to the State and accept all reasonable inferences which support the verdict when reviewing a motion for directed verdict based upon the alleged insufficiency of evidence produced on behalf of the State. Iowa R.App.P. 14(f)(2).

DIRECTED VERDICT FOR FAILURE TO PROVE AN AGREEMENT: LaRue asserts that the trial court erred in not directing a verdict of acquittal in favor of him, because the State failed to prove an agreement or combination with him and another to engage in criminal acts. LaRue asserts that none of the State's four witnesses testified to any agreement or combination with LaRue to commit any criminal act. The State asserts the object of the conspiracy was to create a market for stolen goods.

■ "An agreement may be shown by circumstantial evidence such as the conduct of the alleged participants or evidence of a scheme." *United States v. Garcia*, 917 F.2d 1370, 1376 (5th Cir.1990); *State v. Blyth*, 226 N.W.2d 250, 263 (Iowa 1975). A mere tacit understanding will suffice, and there need not be any written statement or even a speaking of words which expressly

communicates agreement. 2 W. Lafave & Scott, *Substantive Criminal Law* § 6.4 at 71 (1986).

■ The evidence indicated the defendants placed orders for stolen goods. Further, that LaRue had solicited a burglar for a satellite decoder box. In LaRue's possession was a stolen satellite receiver which was connected with one of the burglaries. The place where exchanges of the stolen property occurred was primarily at LaRue's garage in Fruitland, Iowa. The burglars testified they had worked out arrangements with LaRue to pay for their vehicles with stolen property. We find the court was correct in refusing to direct a verdict in favor of acquittal on the grounds there was insufficient proof.

CORROBORATION OF COCONSPIRATOR TESTIMONY: We next consider whether the trial court erred in failing to give LaRue's requested instruction requiring corroboration of accomplice testimony. LaRue asserts that even if there is some corroborative evidence, the court should have instructed the jury on corroboration of accomplice testimony. We agree.

■ The trial court was requested to include in its instructions to the jury, Uniform Instruction No. 200.4, which states:

200.4 Corroboration of Accomplice. An "accomplice" is a person who knowingly and voluntarily cooperates or aids in the commission of a crime.

A person cannot be convicted only by the testimony of an accomplice. The testimony of an accomplice must be corroborated by other evidence tending to connect the defendant with the crime.

If you find _____ is an accomplice, the Defendant cannot be convicted only by that testimony. There must be other evidence tending to connect the Defendant with the commission of the crime. Such other evidence, if any, is not enough if it just shows a crime was committed. It must be evidence tending to single out the Defendant as one of the persons who committed it.

■ A witness is an accomplice if he could be indicted and convicted of the same crime. *State v. Anderson,* 240 Iowa 1090, 38 N.W.2d 662 (1949). Each of the burglars who testified could have been indicted for the crime of conspiracy. We find there is testimony in the nature of accomplice testimony which is subject to Iowa R.Crim.P. 20(3). That rule provides:

A conviction cannot be had upon the testimony of an accomplice ... unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

■ The existence of corroborative evidence is a question of law while *the sufficiency of that evidence ordinarily is a question of fact for the jury. State v. Doss,* 355 N.W.2d 874, 880 (Iowa 1984); *State v. Ware,* 338 N.W.2d 707, 710 (Iowa 1983). It is prejudicial error to fail to instruct even without request on the requirement of corroboration where the jury could find the only witness against the defendant was an accomplice. *State v. Anderson,* 38 N.W.2d 662, 665 (Iowa 1949). We find the jury could have found the only witnesses who testified against Larry LaRue were accomplices to the crime for which he was on trial. We therefore reverse the trial court's conviction of Larry LaRue and remand for a new trial.

■ INCLUSION OF DANIEL SHEETS IN THE JURY INSTRUCTION: LaRue asserts the trial court should not have included Daniel Sheets as an alleged or possible coconspirator in Jury Instruction Number 18. That instruction stated:

With regard to Defendant Larry L. LaRue, the State must prove all the following elements of Conspiracy:

1. In November, 1989, through January, 1990, the Defendant agreed with Robert D. Hahn, Tracy Tucker, *Daniel Sheets,* John Bruce, or Curtis Newberry, that one or more of them would commit the offense of second-degree burglary or second degree theft, or solicit another to commit the offense of second-degree burglary or second-degree theft.

2. The Defendant entered into the agreement with the intent to promote or facilitate the offense of second-degree burglary or second-degree theft.

3. The Defendant, or Robert D. Hahn, Truacy Tucker, *Daniel Sheets,* John Bruce, or Curtis Newberry, committed an overt act.

4. Robert D. Hahn, Tracy Tucker, *Daniel Sheets,* John Bruce or Curtis Newberry were not law enforcement agents investigating the second-degree burglary or second-degree theft or assisting law enforcement agents in the investigation when the conspiracy began.

If the State has proved all of these elements, Defendant Larry L. LaRue is guilty of conspiracy. If the State failed to prove any one of the elements, Defendant Larry L. LaRue is not guilty.

LaRue asserts that including Sheets in the jury instruction as a person he may have conspired with is prejudicial. We disagree. Daniel Sheets refused to testify at trial and invoked his fifth amendment privilege against self-incrimination. We find, however, when viewing the evidence most favorable to the prosecution, that the State's evidence sufficiently linked Sheets to the conspiracy. We therefore find no error in the inclusion of Daniel Sheets in Jury Instruction Number 18. We therefore affirm in part, reverse in part and remand for a new trial.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.