STATE of Iowa, Appellee,

v.

DeShawn Lee MAPP, Appellant.

No. 97–1159.

Supreme Court of Iowa.

Sept. 23, 1998.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, William E. Davis, County Attorney, and Robert Weinberg, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

DeShawn Mapp pled guilty to conspiracy to commit murder, Iowa Code §§ 706.1 and 707.1 (1995), and conspiracy to commit willful injury, Iowa Code §§ 706.1 and 708.4. Under a plea agreement, the State dismissed a first-degree murder charge. The court sentenced Mapp to two consecutive ten-year prison terms. Mapp appealed. He claims ineffective assistance of counsel and a violation of both the Double Jeopardy Clause and our merger statute, Iowa Code § 701.9. We affirm the conviction for conspiracy to commit murder but reverse the conviction of conspiracy to commit willful injury. We remand for resentencing.

### I. Facts.

On December 14, 1996, DeShawn Mapp was driving his car around Davenport with two passengers, Terrell Gathright and Mark Brown. One of the passengers noticed Marcus Tatum, a passenger in another car. Tatum and Brown had been engaged in a continuing dispute over a woman since July 1996.

One of Mapp's passengers told Mapp to follow the car, and he did. When the other car pulled into an alley, Mapp pulled in after him. Tatum and his driver got out of their car. Mapp testified that "Tatum was reaching like he had something, and then all I heard was the shots, I ducked, and then smash—and all I heard were shots." Mapp also testified that he "guessed" that the shots were fired from his own vehicle. Mapp did not say whether he knew before the shooting that his passengers had guns. Mapp and his passengers drove away from the scene and returned to Rock Island.

Mapp was originally charged with first-degree murder and willful injury on December 12, 1996. On May 2, 1997, a new trial information was filed pursuant to a plea agreement. This information charged Mapp with conspiracy to commit murder and conspiracy to commit willful injury. Mapp pled guilty to both charges.

### II. Sufficiency of the Factual Bases.

Mapp first argues that his trial counsel was ineffective for allowing him to plead guilty to two charges that lacked factual bases and violated the Double Jeopardy Clause and our merger statute, Iowa Code § 701.9.

Our review of a defendant's Sixth Amendment claim of ineffective assistance of counsel is de novo. We review the totality of the relevant circumstances, recognizing the presumption that counsel performed competently. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987); *see also State v. Ceron*, 573 N.W.2d 587, 589 (Iowa 1997). To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence that his counsel failed to perform an essential duty and that prejudice resulted. *State v. Williams*, 574 N.W.2d 293, 300 (Iowa 1998).

Under Iowa Rule of Criminal Procedure 8(2)(b), the court was required to find a factual basis for the guilty pleas. The court found a factual basis, relying on Mapp's statements and the minutes of testimony.

Conspiracy is defined as follows:

1. A person commits conspiracy with another if, with the intent to promote or facilitate the commission of a crime which is an aggravated misdemeanor or felony, the person does either of the following:

*a.* Agrees with another that they or one or more of them will engage in conduct constituting the crime or an attempt or solicitation to commit the crime.

*b.* Agrees to aid another in the planning or commission of the crime or of an attempt or solicitation to commit the crime.

. . . .

3. A person shall not be convicted of conspiracy unless it is alleged and proven that at least one conspirator committed an overt act evidencing a design to accomplish the purpose of the conspiracy by criminal means.

Iowa Code § 706.1 (1995).

A. *The agreement issue.* Mapp argues there was no showing of an agreement to commit the underlying crimes. It is true

that the State did not show direct evidence of an agreement to commit the crimes, but direct evidence is not required. *State v. Ross,* 573 N.W.2d 906, 914 (Iowa 1998). Moreover,

the agreement may be inferred from the surrounding circumstances. All legitimate inferences arising reasonably and fairly from the evidence may be indulged in to support the verdict.

*State v. Ruiz,* 496 N.W.2d 789, 792 (Iowa App.1992) (citations omitted). Also,

[a] mere tacit understanding will suffice, and there need not be any written statement or even a speaking of words which expressly communicates agreement.

*State v. LaRue,* 478 N.W.2d 880, 882 (Iowa App.1991) (citing Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.4, at 71 (1986)); *see also* 16 Am.Jur.2d *Conspiracy* § 10, at 204–05 (1998).

An agreement that, because of its purpose or the means contemplated, amounts to a conspiracy need not be formal or express, but may be a tacit understanding; the agreement may be inherent in and inferred from the circumstances, especially declarations, acts, and conduct of the alleged conspirators.

16 Am.Jur.2d § 10, at 204–05 (footnotes omitted).

■ The evidence of an agreement between Mapp and his passengers to commit the crimes of murder or willful injury was not strong, but it was at least minimally sufficient to provide a factual basis for Mapp's plea of guilty. Mapp knew of the animosity between his passenger and Tatum, yet he agreed to Brown's suggestion that Mapp follow Tatum. He likely knew that his companions were armed. In addition, he drove his car into a position to allow a face-to-face confrontation with the victim's vehicle. Mapp admitted that he drove away from the scene knowing that the guns had been discharged and that they had been discharged from his vehicle.

We agree with the district court that there was a factual basis for a finding of an agreement.

B. *The multiple-conspiracy issue.* Mapp argues that, even if we find sufficient evidence of an agreement, there was no factual basis for finding more than one conspiracy. Mapp relies on *State v. Moritz,* 293 N.W.2d 235, 239 (Iowa 1980), for the proposition that a single agreement cannot arbitrarily be divided to permit multiple conspiracy charges. The State counters that *Moritz* should be distinguished because the conspiracy statute was later amended. In contrast to the conspiracy statute in effect at the time of *Moritz,* Iowa Code § 719.1 (1977), the statute in effect in the present case requires proof of an overt act. *See* Iowa Code § 706.1(3).

In addition the State argues that a jury could have found that, because both of Mapp's passengers had guns and several shots were fired, the evidence "could have supported an agreement with one conspirator to commit murder and a second agreement with the other conspirator to commit willful injury." We need not engage in such speculation or assess the impact of *Moritz.* For the reasons discussed in the following division, conviction for both conspiracies violates our merger statute and the conviction of conspiracy to commit willful injury must be stricken.

### III. *Merger.*

■ Mapp argues that a charge of conspiracy to commit willful injury is merged in the greater offense of conspiracy to commit murder. If so, the sentence for both crimes is illegal and therefore may be challenged at any time. Iowa R.Crim. P. 23(5)(a); *State v. Perez,* 563 N.W.2d 625, 627 (Iowa 1997). Whether the sentence here is invalid depends on the application of our merger statute:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Iowa Code § 701.9.

■ In deciding whether a lesser crime is included in a greater one, the test is whether, if the elements of the greater offense are established in the manner in which the State

sought to establish them, the elements of the lesser offense have also been established. *State v. Turecek,* 456 N.W.2d 219, 223 (Iowa 1990). (In the present case, the State originally charged Mapp with murder under the "willful[ ], deliberate[ ] . . . premeditation" alternative for first-degree murder under Iowa Code section 707.2.)

Our Code provides the following requirements for murder:

A person who kills another person with malice aforethought either express or implied commits murder.

Iowa Code § 707.1. The willful injury section states:

Any person who does an act which is not justified and which is intended to cause and does cause serious injury to another commits a class "C" felony.

Iowa Code § 708.4.

 It seems quite apparent that a showing of the elements of willful and premeditated murder necessarily includes the elements of willful injury. Willful injury has, therefore, been assumed by us to be an included offense in first-degree murder. We said in *Perez:*

Based on the facts sketched above, the district court drew several legal conclusions. On Count I, first-degree murder, the court found no malice aforethought and, thus, entered a guilty verdict *on the lesser-included offense of willful injury.* The court's verdict on Count I rendered Count II, willful injury, moot.

*Perez,* 563 N.W.2d at 626 (emphasis added); *see also State v. Carberry,* 501 N.W.2d 473, 475 (Iowa 1993) (State conceded willful injury was lesser included offense of first-degree murder).

We have said this regarding section 701.9:

This statute codifies the double jeopardy protection against cumulative punishments. If the Double Jeopardy Clause is not violated because the legislature intended double punishment, section 701.9 is not applicable and merger is not required.

*State v. Halliburton,* 539 N.W.2d 339, 344 (Iowa 1995).

We see nothing in Iowa Code chapter 707 (murder) or section 708.4 (willful injury) to suggest that the legislature intended the lesser offense to be punished separately from the greater offense. Because willful injury is an included offense in murder, conspiracy to commit the lesser offense is necessarily included in conspiracy to commit murder and the two offenses are merged under section 701.9. Because of this disposition, we need not address Mapp's double jeopardy argument.

We affirm the conviction of conspiracy to commit murder. We reverse the conviction of conspiracy to commit willful injury and remand for resentencing to eliminate the sentence for that offense.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**