**STATE of Iowa, Appellee,**

v.

**Russell WALKER, Appellant.**

**No. 98–1482.**

Supreme Court of Iowa.

April 26, 2000.

---

525

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, Steve Foritano and George Karnas, Assistant County Attorneys, for appellee.

NEUMAN, Justice.

Defendant, Russell Walker, seeks to reverse the judgment entered on his guilty plea to willful injury on the ground the conviction merged, as a matter of law, with his companion plea to the crime of voluntary manslaughter. The State counters that Walker entered knowing and voluntary pleas to two separate crimes and,

therefore, merger under Iowa Code section 701.9 (1997) is not required. Under the unique facts of this case, we are convinced the State is correct. We therefore affirm.

The facts giving rise to this pointless tragedy were established during the plea proceedings. A construction crew gathered after work to share a case of beer. Walker's lifelong friend and former coworker, Ed Trogden, showed up in a drunken state. Obnoxious and seemingly intent on picking a fight, Trogden urinated on Walker's boots. Walker left rather than confront his inebriated friend. The others, including Trogden, moved the party to the home of their boss.

Walker's girlfriend was among those gathered at the boss's house. Walker tried three times to reach her there by phone, but Trogden answered each time, cursing Walker before hanging up. Angered, Walker drove to the house and, encountering Trogden before he had a chance to react, punched him several times in the face. Trogden fell backwards, hitting the ground with force. While Trogden was down, Walker—who was wearing construction boots—kicked him at least twice in the head. After the fight, Walker picked up the unconscious Trogden and, with the help of a friend, placed him in the backseat of Trogden's pickup truck. Walker started the engine to warm the vehicle, and urged his friends to check on Trogden. Walker then left the scene. Trogden died within the hour from injuries described in an autopsy report as "multiple cerebral cortical contusions and hemorrhages accompanied by a massive, acute subdural hematoma due to craniocerebral trauma."

The State charged Walker with first-degree murder, a class "A" felony carrying a life sentence without parole. See Iowa Code §§ 707.2, 902.1. Following plea negotiations with defense counsel, the State filed an amended and substituted trial information charging Walker with willful injury, in violation of Iowa Code section

708.4, and voluntary manslaughter, in violation of Iowa Code section 707.4. Both are class "C" felonies carrying maximum ten-year terms. At the plea hearing which followed, Walker furnished a factual basis for each charge. No motion in arrest of judgment was filed. Rejecting Walker's request for concurrent sentencing, the district court sentenced Walker to two consecutive ten-year terms of imprisonment. This appeal by Walker followed.

## I. Scope of Review.

■ Defendant makes no constitutional claim that he has been punished twice for the same offense. He strictly cites error in the court's refusal to merge the convictions in accordance with Iowa Code section 701.9. Our review, therefore, is limited to the correction of legal error, not de novo. *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997).

## II. Issue on Appeal.

■ Walker claims the court erred in failing to merge his willful injury conviction with his voluntary manslaughter conviction. His argument rests on the premise that willful injury is a lesser-included offense of voluntary manslaughter. *See State v. Mapp*, 585 N.W.2d 746, 749 (Iowa 1998) (holding *conspiracy* to commit willful injury "is necessarily included in conspiracy to commit murder"). That being so, the court was required to merge the convictions at sentencing in accordance with Iowa Code section 701.9.[1] *Id.* The court's failure to follow section 701.9, Walker contends, resulted in an illegal sentence. *See State v. Anderson*, 565 N.W.2d 340, 344 (Iowa 1997) (when lesser-included offense merges with greater offense, conviction on lesser offense is void). An illegal sentence may be urged as a ground for reversal at any time, obviating the need to challenge

the error in district court in order to preserve the issue for appeal. *State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995); *State v. Stratton*, 519 N.W.2d 403, 405 (Iowa 1994); *State v. Austin*, 503 N.W.2d 604, 607 (Iowa 1993).

The State counters that Walker's merger argument rests on a faulty premise. It emphasizes that the record reveals an extended colloquy with the court, at two separate hearings, concerning the legality of the parties' negotiated plea agreement. Defense counsel was understandably pleased with the substantial charge reduction and had no interest in upsetting it. Thus, when pressed by the court to comment on the legality of sentencing on two seemingly "merge-able" offenses, defense counsel affirmatively stated "that there was a different factual basis on the charge of Willful Injury and a different set of facts for Manslaughter." He asked the court "to impose a sentence on each count [Walker] pled guilty to." He also argued that concurrent, rather than consecutive, sentences would be more in keeping with the "policy" of this state "in this situation."

The State asserts, and we are inclined to agree, that Walker's appeal seeks to transform what was a favorable plea bargain in the district court to an even better deal on appeal. He now claims the events leading to Trogden's death amounted to one offense, not two, and so merger applies. The district court, however, specifically found "that a factual basis exists independently for each of the two crimes to which the Defendant pleaded guilty." In particular the court identified Walker's initial assault on Trogden, the willful injury, during which he threw several swift punches, knocking Trogden to the ground. The court then found that, instead of stopping the fight right there, Walker's rage so consumed him that he proceeded to kick

---

1. The statute states:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such a verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Iowa Code § 701.9.

Trogden in the head while he was down. This separate act of uncontrolled aggression, ·resulting in Trogden's death, furnished the factual basis for Walker's plea of guilty to voluntary manslaughter. Walker conceded these findings during the plea proceedings and has made no attempt, then or now, to set aside those pleas for lack of a factual basis.

Given this record, we are persuaded the court committed no error when it granted Walker's invitation to sentence him on each charge. This is not a case, such as *Mapp*, where one assault with guns led to death of the victim and the required merger of the defendant-coconspirator's companion charge of conspiracy to commit willful injury. *Mapp*, 585 N.W.2d at 748–49. Nor is this a case in which plea negotiations led to a guilty plea which, while favorable to the defendant, so lacks a factual basis as to threaten the integrity of the plea process itself. *E.g., State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996).

In another factual setting the crimes of willful injury and manslaughter may merge in accordance with Iowa Code section 701.9. But here the defendant knowingly pled to—and the record minimally supports a factual basis for—two separate crimes. Because the record establishes more than one assault, the court was authorized to impose more than one sentence. *See State v. Smith*, 573 N.W.2d 14, 19 (Iowa 1997); *State v. McKettrick* 480 N.W.2d 52, 56 n.2 (Iowa 1992). We therefore affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except McGIVERIN, C.J., who takes no part.