STATE of Iowa, Plaintiff–Appellee,

v.

Raymond Dwight DITTMER,
Defendant–Appellant.

No. 01–0478.

Court of Appeals of Iowa.

Sept. 25, 2002.

tences for (A) possession of ephedrine and receipt of precursors, as well as (B) conspiracy to manufacture methamphetamine and manufacturing methamphetamine. We affirm in part and vacate in part.

## I. Voluntariness of Plea

Linda Del Gallo, State Appellate Defender, and Dennis Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, Thomas J. Ferguson, Black Hawk County Attorney, Kimberly A. Griffith, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and ZIMMER and VAITHESWARAN, JJ.

VAITHESWARAN, J.

Raymond Dittmer entered an *Alford* plea[1] to: (1) conspiracy to manufacture more than five grams of methamphetamine, in violation of Iowa Code sections 124.401(1)(b) and 124.411 (1999), (2) manufacturing more than five grams of methamphetamine as a second offender in violation of sections 124.401(1)(b) and 124.411, (3) possession of lithium as a second offender, in violation of sections 124.401(4) and 124.411, (4) possession of ephedrine and/or pseudoephedrine as a second offender and habitual offender, in violation of sections 124.401(4), 124.411, 902.8, and 902.9, (5) possession of ether, in violation of sections 124.401(4), 124.411, 902.8, and 902.9, and (6) receipt for unlawful purpose of precursor drugs as a habitual offender, in violation of sections 124B.9, 902.8, and 902.9. On appeal, Dittmer contends: (1) his mental illness prevented him from entering a voluntary and intelligent plea and (2) the district court should have merged his sen-

Following entry and acceptance of his plea, Dittmer filed a motion in arrest of judgment, contending the plea was "not knowingly, voluntarily, and intelligently given due to a mental illness." This issue implicates Dittmer's competency. *State v. Kempf*, 282 N.W.2d 704, 706 (Iowa 1979). The procedure to be followed when competency becomes an issue is set forth in Iowa Code section 812.3, which states in pertinent part:

> If at any stage of a criminal proceeding it reasonably appears that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, further proceedings must be suspended and a hearing had upon that question.

A guilty proceeding is a "stage of a criminal proceeding" within the meaning of this section. *Kempf*, 282 N.W.2d at 707. Where a determination of competency has been made, our review is not de novo, as is usually the case with issues of constitutional magnitude. *See State v. Rieflin*, 558 N.W.2d 149, 151–52 (Iowa 1996). *Cf. State v. Kempf*, 282 N.W.2d 704, 707 (Iowa 1979) (reviewing defendant's competency at guilty plea proceeding de novo "[b]ecause constitutional safeguards are implicated."); *Patten v. State*, 553 N.W.2d 336, 338 (Iowa Ct.App.1996) (same). Nor does the trial court's discretion play a role. *State v. Edwards*, 507 N.W.2d 393, 395 (Iowa

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 166–67, 27 L.Ed.2d 162, 168 (1970) (plea containing "protestation of innocence").

1993). Instead, our review is on error. *Rieflin*, 558 N.W.2d at 151. We are bound by a district court's fact-findings if supported by substantial evidence. *Id.*

The district court determined Dittmer "was on the cutting edge toward realizing what's best for him and trying to act on acquiring the best deal that he can get under the circumstances." The court further stated:

> [A]lthough he may have psychological problems and he may be on medications to deal with those psychological problems, he is nonetheless at such a stage in his life that he knows what's best for him, he knows how to get a better deal or at least attempt to get a better deal, and that he is meaningfully assisting defense counsel in the conduct of this case.

We find substantial evidence to support this determination. At the plea proceeding, the district court specifically asked Dittmer what medications he was taking, what the medications were for, the amounts he was taking, when he last took them, and whether he was undergoing psychiatric treatment. The court also asked Dittmer, "the two medications that you are on, when you take them do they ever affect your ability to think and to know what you are doing?" Dittmer responded, "[n]o, that's what I take them for so I can think right." When the court asked him where he was and what he was doing at the moment, Dittmer responded he was in the courtroom "[e]ntering an Alford plea." Earlier in the proceedings, Dittmer asked the court to explain the difference between possession of ephedrine and unlawful receipt of a precursor, indicating a general understanding of the charges to which he was pleading and a specific understanding of the merger argument his attorney was making with respect to the fourth and sixth counts of the trial information.

We recognize that a mental health coordinator gave a contrary opinion concerning Dittmer's ability to understand the plea proceeding. She stated she saw Dittmer on the fourth day before the plea proceeding and on the fourth day after and he was psychotic on both days. The coordinator conceded, however, that she did not see Dittmer on the day of the proceeding and further conceded it was possible for a person to be competent on one day and incompetent on another. The competency standard requires the district court to determine whether the defendant has a "present ability" to appreciate the charge, understand the proceedings, and assist effectively in his defense. *Rieflin*, 558 N.W.2d at 152–53. The district court determined that, on the date of the plea proceeding, Dittmer had that present ability. As the mental health coordinator had no specific knowledge of Dittmer's mental state on that day, we affirm the district court's competency determination.

## II. Merger

Dittmer contends the district court should have merged the sentences on (A) the fourth (possession of ephedrine) and sixth (receipt of precursor) counts and (B) the first (conspiracy to manufacture) and second (manufacturing) counts. Iowa Code section 701.9, addressing merger, states no person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. In deciding whether one public offense merges with another, our highest court has recently applied the impossibility test. *State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001). *Accord State v. Rodriquez*, 636 N.W.2d 234, 246–47 (Iowa 2001). Under this test, we examine the elements of each crime to determine if the greater offense can be com-

mitted without also committing the lesser offense. *Id.*

■ **A. Merger of Fourth and Sixth Counts.** The fourth count charged a violation of Iowa Code section 124.401(4), which provides:

> It is unlawful for any person to possess any product containing ephedrine, its salts, optical isomers, salts of optical isomers, or analogs of ephedrine, or pseudoephedrine, its salts, optical isomers, or analogs of pseudoephedrine, with the intent to use the product as a precursor to any illegal substance or an intermediary to any controlled substance. A person who violates this subsection commits a class "D" felony.

The sixth count charged a violation of Iowa Code section 124B.9(2), which provides that "[a] person who receives a precursor substance with intent to use the substance unlawfully to manufacture a controlled substance commits a class "C" felony."

The sixth count requires (1) receipt of a(2) precursor (3) with the intent to use the substance unlawfully to manufacture a controlled substance. The fourth count requires (1) possession of (2) ephedrine (3) with the intent to use the product as a precursor to an illegal substance. Both proscribe the intentional use of a precursor to manufacture an illegal substance. The only material difference between the two counts and the statutes on which they are based is the use of "receipt" in one and "possession" in the other.

"Receive" means "to come into possession of." Webster's New Collegiate Dictionary 956 (1980). *Accord* Black's Law Dictionary 1268 (6th ed.1990) (defining "receive" as "to take into possession and control; accept custody of; collect"). "Possess" means "to instate in as owner" or "to have and hold as property." Webster's New Collegiate Dictionary at 897. We can discern no meaningful distinction between these terms as used in sections 124.401(4) and 124B.9(2). Both essentially mean to hold property. Given these meanings, we believe a person cannot commit the crime of receipt of a precursor with the intent to use the substance as a precursor to an illegal substance without also committing the crime of possession of a precursor with the intent to manufacture an illegal substance. Therefore, the two sentences should have merged.[2]

■ **B. Merger of First and Second Counts.** Dittmer also argues the district court erred in failing to merge the first count of conspiracy to manufacture more than five grams of methamphetamine with the second manufacturing count. The State responds that the two counts relate to two separate crimes and the merger argument must, accordingly, fail. We agree with the State. Although both the first and second counts charged Dittmer with crimes that included the date of December 20, 1999, the assistant county attorney explained that the conspiracy to manufacture charge stemmed from a different act with different people at a different time than did the manufacturing charge. Dittmer did not contest this explanation and the district court accepted it, stating "they are two separate and distinct offenses." Under these circumstances, we conclude the merger argument is inapplicable. *See State v. Walker,* 610 N.W.2d 524, 526–27 (Iowa 2000). *Cf. State v. Maghee,* 573 N.W.2d 1, 7 (Iowa 1997) (holding

---

**2.** In reaching this conclusion, we recognize that our court has affirmed jury instructions that distinguish between "receipt" and "possession" in this context. *See State v. Knowles,* 2000 WL 1421350 (September 27, 2000). We note, however, that our court was not faced with the question of whether the sentences for the two crimes merged. Notably, the district court in that case merged the sentences of its own accord.

defendant could only be sentenced to a single offense under section 124.401(1), not both conspiracy with intent to deliver and possession with intent to deliver).

### III. Disposition

We vacate the judgment and sentence on Count IV: possession of ephedrine. In all other respects, we affirm.

**AFFIRMED IN PART AND VACATED IN PART.**