[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
I. Background Facts Proceedings
Edward Johnston appeals his convictions and sentences for voluntary manslaughter, in violation of Iowa Code section 707.4
(2005), and assault causing serious injury, in violation of sections 708.1(1) and 708.2(4). Johnston was involved in a physical altercation with Don Survis in the early morning hours of January 1, 2005, at a New Year's Eve party. Survis died as a result of a blow struck behind his left ear, which fractured a vertebra and tore the vertebral artery. Survis lost consciousness within seconds after the blow, and died later that morning.
Johnston was sentenced to a term of imprisonment not to exceed ten years on the charge of voluntary manslaughter. He was sentenced to a term of imprisonment not to exceed five years on the assault charge, to be served consecutively to the voluntary manslaughter sentence. Johnston now appeals his convictions and sentences.
II. Merger
Johnston contends the district court should have merged his convictions for voluntary manslaughter and assault causing serious injury. He states, "While a jury could have found the defendant hit the decedent more than one time, there is only evidence of one blow causing serious injury, which was also the fatal blow." He asserts that under the facts of the case, voluntary manslaughter could not be committed without also committing assault causing serious injury.
We review defendant's claims his convictions should be merged under section 701.9 for the correction of errors at law.State v. Bullock, 638 N.W.2d 728, 731 (Iowa 2002);State v. Caquelin, 702 N.W.2d 510, 511 (Iowa Ct.App. 2005).
Iowa Code section 701.9 provides:
 No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.
Section 701.9 "codifies the double jeopardy protection against cumulative punishment." State v. Gallup,500 N.W.2d 437, 445 (Iowa 1993). The statute applies if, looking at the elements of two offenses, the greater offense cannot be committed without also committing the lesser.Caquelin, 702 N.W.2d at 511. If one offense is a lesser-included offense of the other, the district court may only enter judgment on the greater offense. State v.Beecher, 616 N.W.2d 532, 537 (Iowa 2000).
If a single assault results in convictions for voluntary manslaughter and willful injury, the convictions merge under section 701.9. See State v. Walker, 610 N.W.2d 524, 527
(Iowa 2000). If the convictions for voluntary manslaughter and willful injury arise from two separate crimes, however, the convictions do not merge. Id. ("Because the record establishes more than one assault, the court was authorized to impose more than one sentence."); see also State v.Dittmer, 653 N.W.2d 774, 777 (Iowa Ct.App. 2002) (noting that when two offenses relate to two separate crimes, they do not merge).
The State claims there were two separate crimes in this case. It asserts the jury could reasonably infer Johnston struck one blow which knocked Survis to the floor and caused him to lose consciousness, and then struck a separate, fatal blow.
Assuming this to be the case, and losing consciousness itself is a serious injury, see State v. Sewell, 658 A.2d 598,600 (Conn.App.Ct. 1995) (finding evidence that victim was rendered unconscious sufficient to show serious physical injury), the weakness in the State's argument is the method by which the prosecution charged and tried the defendant. The trial information charged one count of felony murder with willful injury as the underlying felony, and a second count of willful injury. No distinction was made in the charging document as to separate assaults to support the different counts. The evidence was presented as one continuous course of conduct.
Further, the prosecution's summation to the jury indicated the "serious injury" which was proved was the one causing the victim's death. The prosecutor argued:
 Let's look at serious injury. Had to sustain a serious injury, that's the third element. Obviously, folks, he died, that's about as serious as you're going to get. So clearly the State proved the third element.
The State asserts this case is similar to State v.Walker, 610 N.W.2d 524, 525-26 (Iowa 2000), where the defendant pled guilty to voluntary manslaughter and willful injury as part of a plea agreement. The defendant had originally been charged with one count of first-degree murder.Walker, 610 N.W.2d at 525. Unlike the instant case, the district court in Walker, made a factual finding that there were two separate and distinct acts to support convictions on both counts. See id. at 526. It was also apparent inWalker, that the defendant knew he was being charged with two distinct crimes so he could take advantage of a plea bargain. Id.
The circumstances in this case are more akin to State v.Flanders, 546 N.W.2d 221, 224 (Iowa Ct.App. 1996), where the defendant was charged with one count of first-degree kidnapping and a separate count of second-degree sexual abuse. While the evidence indicated there were two separate and distinct acts of sexual abuse, and two separate convictions might have been sustainable, the State needed to present the case to the jury on the basis of two distinct crimes being committed and have separate factual findings as to each.Flanders, 546 N.W.2d at 224-25.
Just as in Flanders, this case was presented to the jury as one continuous course of conduct, and without the opportunity for findings as to two distinct crimes. See alsoState v. Newman, 326 N.W.2d 788, 792-93 (Iowa 1982) (noting that from start to finish the State treated the crime as a single episode, and "[t]he State cannot depart from that course now"). We conclude, under the circumstances in this case, that the convictions for voluntary manslaughter and assault causing serious injury should merge.
III. Ineffective Assistance
Johnston claims he received ineffective assistance because defense counsel failed (1) to request an instruction specifying that the act and resulting injury under Count I must be separate and distinct from the act and resulting injury under Count II, or (2) to request a jury interrogatory on the same issue. Due to our decision on the merger issue, we find these issues are moot, and we need not address them.
We affirm Johnston's conviction and sentence for voluntary manslaughter. We vacate the conviction and sentence for assault causing serious injury.
AFFIRMED IN PART AND VACATED IN PART.