# IN THE COURT OF APPEALS OF IOWA

No. 18-0342
Filed July 3, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOHN WILFRED GIBSON, JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Jeffrey L. Poulson, Judge.

Defendant appeals his convictions for being a felon in possession of a firearm, assault on a peace officer, two counts of child endangerment, and two counts of assault while participating in a felony. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

John Gibson appeals his convictions for being a felon in possession of a firearm, assault on a peace officer, two counts of child endangerment, and two counts of assault while participating in a felony. We determine Gibson's sentence for being a felon in possession of a firearm should not be merged with his sentences for assault while participating in a felony. We find the district court did not abuse its discretion in deciding the sentence for being a felon in possession of a firearm should run consecutively to Gibson's other sentences, which run concurrently. On the matter of mandatory minimum sentences for assault on a peace officer and assault while participating in a felony, we remand for a partial resentencing hearing to allow the court to exercise its discretion to determine whether the five-year minimum sentence should be imposed.

## I.      Background Facts & Proceedings

In 2000, Gibson was convicted of third-degree burglary, a class "D" felony. Despite his status as a felon, Gibson obtained a rifle in 2016. On June 20, 2016, Gibson loaded his gun and told his girlfriend he was going to kill her and his three children, C.J., W.G., and M.G., plus another child, C.S., who was staying at the home. He punched or slapped C.J. and C.S. Officers responded to 911 calls, announcing their presence as peace officers. Gibson answered the door, pointing the rifle at an officer. Gibson then backed into the house and put the gun under his chin, threatening to kill himself. Officers talked Gibson into putting the gun down, and he was arrested.

Gibson was charged with (I) being a felon in possession of a firearm, in violation of Iowa Code section 724.26 (2016); (II) assault on a peace officer, in

violation of section 708.3A(2); (III) child endangerment (W.G.), in violation of section 726.6(1)(a); (IV) child endangerment (M.G.), in violation of section 726.6(1)(a); (V) assault while participating in a felony (C.J.), in violation of section 708.3; (VI) assault while participating in a felony (C.S.), in violation of section 708.3; and (VII) possession of marijuana, in violation of section 124.401(5).

Gibson waived his right to a jury trial, and the case was tried to the court. The court found Gibson guilty of all of the offenses charged in the trial information, except possession of marijuana. The court denied Gibson's motion for new trial. Gibson was sentenced to a term of imprisonment not to exceed five years on each of his six convictions. The court found the offense of being a felon in possession of a firearm was separate and distinct from the other offenses because Gibson had a "firearm in his possession for an extended period of time." The court concluded it was "reasonable to read [the other offenses] as being part of the same incident" and determined they should run concurrently, but consecutive to the sentence for being a felon in possession of a firearm. The court later entered an order imposing the mandatory minimum sentence on counts II, V, and VI pursuant to Iowa Code section 902.7. Gibson now appeals.

## II. Merger of Sentences

Gibson claims his sentence for being a felon in possession of a firearm should merge with his sentences on the two counts of assault while participating in a felony because being a felon in possession of a firearm was the underlying felony for the offenses. He states that since being a felon in possession of a firearm is an element of assault while participating in a felony in his offenses, it is a lesser-included offense, which would mean the sentences merge.

A claim "the district court erred in failing to merge convictions can be raised at any time because any unlawful failure to merge results in an illegal sentence." *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019). "Review of an illegal sentence for lack of merger is for correction of errors at law." *Id.*

Section 701.9 provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Merger under section 701.9 does not apply when there are separate offenses. *State v. Walker*, 610 N.W.2d 524, 527 (Iowa 2000) (finding convictions for willful injury and voluntary manslaughter did not merge where the evidence showed there had been more than one assault). We may consider whether a defendant has engaged in separate acts, there has been a break in the action, or there has been discrete completed acts. *State v. Velez*, 829 N.W.2d 572, 581–83 (Iowa 2013). When a charge arises "from a different act with different people at a different time" than another charge, "they are two separate and distinct offenses," which are not subject to merger. *State v. Dittmer*, 653 N.W.2d 774, 777 (Iowa Ct. App. 2002).

The trial information charged Gibson with being a felon in possession of a firearm "on or about June 20, 2016." The court found Gibson had the rifle in his possession for three or four months prior to the incident on June 20. Even if we look only at June 20, Gibson was a felon in possession of a firearm that day prior to the incident giving rise to the other charges. To put it another way, he was a

felon in possession of a firearm during two different time periods—the time before the incident and the time during the incident.

We find no error in the district court's conclusion the conviction for being a felon in possession of a firearm was separate and distinct from the other offenses, including assault while participating in a felony. The temporal difference between the offenses is sufficient to show there were separate acts. *See Velez*, 829 N.W.2d at 583 (noting a "temporal and spatial separation . . . was sufficient for a trier of fact to find the defendant had . . . committed two separate acts"). There is no merger of sentences under section 701.9 when there are separate offenses.[1] *See Walker*, 610 N.W.2d at 527.

### III.    Consecutive Sentences

Gibson asserts the district court abused its discretion by failing to provide sufficient reasons for imposing consecutive sentences. He states the court did not give specific reasons for deciding the sentence for being a felon in possession of a firearm should run consecutively to the other sentences.

---

[1] In addition, Gibson argues that we should reconsider the Iowa Supreme Court case of *State v. Halliburton*, 539 N.W.2d 339 (Iowa 1995). There are three reasons to reject his request. First, as the State argues, Gibson did not raise the constitutional issue before the trial court, and we may not consider it. *See State v. Mulvaney*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). Second, in *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019), the Iowa Supreme Court recently completed this analysis and basically affirmed *Halliburton*. Third, we are not at liberty to reverse Iowa Supreme Court precedent. We leave the task of overruling precedent to our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (acknowledging that both the district court and the court of appeals had "properly relied on . . . applicable precedent" and noting that "it is the role of the supreme court to decide if case precedent should no longer be followed"); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *Crady v. State*, No. 16-0537, 2016 WL 7393912, at *1 n.1 (Iowa Ct. App. Dec. 21, 2016) ("We leave the task of overruling precedent to our supreme court."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

"We review a district court's decision to impose consecutive sentences for abuse of discretion." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* "Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

At the sentencing hearing, the district court stated:

> I do believe that there are separate and distinct offenses here. First of all, I did note in my order that Mr. Gibson was a felon and he'd had that firearm in his possession for an extended period of time. And I think that is one separate and distinct serious offense.
> The rest of what happened, I think that it's reasonable to read those as being part of the same incident, . . . .

The court also stated, "I think I've already explained my reasoning behind making the two groups run consecutive based upon the separate and serious nature of the offenses."

We conclude the district court gave adequate reasons for making the sentence for being a felon in possession of a firearm consecutive to the sentences for the other offenses. As the court explained, it considered the conviction for being a felon in possession of a firearm to be a separate and distinct offense from the other offenses because it took place in a different period of time. We conclude the court did not abuse its discretion in deciding the sentences should run consecutively.

**IV.    Other Issues**

**A.**    Gibson claims the district court failed to exercise its discretion in imposing a mandatory minimum sentence on his conviction for assault on a peace officer, pursuant to section 902.7.  The transcript from the sentencing hearing suggests the prosecutor, defense counsel, and the court believed the court did not have discretion to reduce the five-year mandatory minimum sentence.  On appeal, the State concedes the court had discretion to decline to impose a five-year minimum sentence pursuant to Iowa Code section 901.10(1).[2]  "When the court fails to exercise its discretion, the sentence must be vacated and the case remanded for resentencing."  *State v. Johnson*, 630 N.W.2d 583, 590 (Iowa 2001).

**B.**    Gibson also claims the court improperly imposed a five-year mandatory minimum sentence on the two counts of assault while participating in a felony by means of a nunc pro tunc order.[3]  He asserts this was an improper use of a nunc pro tunc order.  *See State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001) ("An order nunc pro tunc cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law.").  The State agrees the court could not impose a more onerous sentence by a nunc pro tunc order.

---

[2] Iowa Code section 901.10  Reduction of sentences, provides:

> 1.  A court sentencing a person for the person's first conviction under section 124.406, 124.413, or 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record.

[3] The "Order" reads: "At the request of the county attorney, the court has made findings which establish that the defendant has committed forcible felonies.  The sentencing enhancement of Section 902.7 applies to all forcible felonies, including Counts 2, 5, and 6.  So ordered."

We note that the trial court did not label or refer to this as a nunc pro tunc order. It could have been the court's attempt to correct an illegal sentence pursuant to Iowa Rule of Criminal Procedure 2.24(5)(a). We do not have to accept the parties' characterization of the order as "nunc pro tunc." Whether it was a nunc pro tunc order or otherwise, it is still in error. The court appears to accept that it was obligated to impose the mandatory minimum under section 902.7, and did not exercise its discretion under section 901.10(1). As noted above, under *Johnson* we must set aside the order and remand for resentencing so the trial court may exercise its discretion, taking into consideration section 901.10(1).

## V. Conclusions

We affirm Gibson's convictions. We determine his sentence for being a felon in possession of a firearm does not merge with his sentences for assault while participating in a felony. We find the district court did not abuse its discretion in deciding the sentence for being a felon in possession of a firearm should run consecutively to Gibson's other sentences, which run concurrently. On the matter of mandatory minimum sentences for assault on a peace officer and assault while participating in a felony, we remand for a partial resentencing hearing to allow the court to exercise its discretion to determine whether the five-year minimum sentence should be imposed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**