**IN THE COURT OF APPEALS OF IOWA**

No. 23-1331
Filed April 24, 2024

**MARC ALAN RAY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Michael Jacobsen, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Marc Alan Ray appeals the denial of postconviction relief. He urges counsel was ineffective for not ensuring he understood the mandatory-minimum term of the plea agreement and for not advocating for a more lenient sentence. Finding the first claim meritless and the second unpreserved, we affirm.

In 2017, the Dallas County Attorney charged Ray and his wife with a litany of crimes, including multiple class "A" felonies, after an investigation documented abuse the two perpetrated against their adopted children culminating in the death of sixteen-year-old S.R. by malnutrition. The documented abuse was extensive. Among other intentional acts, Ray and his wife confined, abused, and denied food and medical care from their adopted children. Ray pled guilty in late 2018 to child endangerment resulting in death, a special-penalty class "B" felony in violation of Iowa Code section 726.6(1)(b), (1)(d), and (4) (2017); and three counts of kidnapping in the third degree, class "C" felonies in violation of sections 710.1, and 710.4. Following the parties' plea agreement and joint recommendation, the district court sentenced Ray to consecutive sentences for a total of eighty years in prison, with a mandatory minimum of 70% of the fifty-year sentence on the class "B" felony.

Ray sought postconviction relief pro se in 2021. The court appointed counsel who amended Ray's application to allege a variety of ineffective-assistance challenges. As relevant here, the amended application challenged trial counsel's conduct relating to Ray's understanding of the plea agreement but did not challenge counsel's advocacy at sentencing. The postconviction court denied relief, finding counsel was not ineffective regarding Ray's understanding of the plea

or sentence. The court did not rule on Ray's pro se claim about sentencing advocacy, as it was abandoned by the amended application.

Ray appeals, and we review his ineffective-assistance claims de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

To establish counsel was ineffective, Ray had to prove his attorney breached an essential duty and that he was prejudiced by that breach. *Irving v. State*, 533 N.W.2d 538, 540 (Iowa 1995). "To establish the first element of the test, the [postconviction applicant] must overcome the presumption that the counsel was competent and demonstrate that, when considering the totality of the circumstances, the counsel's performance was not within the normal range of competency." *Id.* On the second element, prejudice in the context of a guilty plea means "a reasonable probability that, but for counsel's errors, [the applicant] would not have pleaded guilty and would have insisted on going to trial." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021) (citation omitted); *see Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985). In assessing prejudice, we weigh the benefit of the bargain a criminal defendant received by pleading guilty against any evidence he would have withdrawn his plea and demanded a trial had he known of the alleged breach. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009).

Ray contends counsel breached an essential duty because Ray had a "misunderstanding of the plea agreement" and did not know the statute permitted a 30% mandatory minimum rather than the 70% contained in the agreement. *See* Iowa Code § 902.12(2). The record refutes Ray's claim. The transcript reflects that, on three separate occasions, the correct range of the mandatory minimum sentence was set forth during the plea hearing: by the prosecutor in her recitation

of the plea agreement; through an exchange with the court, the prosecutor, and Ray during the Iowa Rule of Criminal Procedure 2.8(2)(b) colloquy; and through further explanation by the court to Ray, converting the percentages to years for a range of fifteen to thirty-five years. Ray affirmatively agreed he understood these penalties, both personally and through counsel. And after having the range explained at the plea hearing, Ray did not move in arrest of judgment or seek to withdraw his plea before sentencing a month later. Nor did he exercise his right of allocution to protest the 70% minimum sentence in the plea agreement.

Both of Ray's attorneys from his criminal case testified at the postconviction trial that they explained the mandatory-minimum provision of the plea agreement to Ray before he pled guilty. And the postconviction court credited testimony that counsel explained the 30% to 70% range before the plea. Given these facts, Ray has not proven breach of an essential duty or the reasonable probability he would have demanded a trial if counsel had performed differently. *See Hallock*, 765 N.W.2d at 606. The postconviction court thus correctly denied relief.

Ray also contends on appeal that his criminal defense lawyers "did not argue any sentence and did not present any evidence at sentencing." But Ray did not pursue this claim in the amended application for postconviction relief, nor did the postconviction court rule on the claim. It is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). And even if that claim was before us, counsel could not have argued for a different sentence. The plea agreement bound both parties to advocate for the 70% mandatory minimum and

any argument to the contrary would have breached that agreement. So this claim is meritless, even if it had been preserved.

Last, to the extent Ray seeks the relief of a modified sentence rather than to vacate his plea, he cites no authority holding this remedy is available, and we are aware of none. *Cf., e.g.*, *State v. Kress*, 636 N.W.2d 12, 21–22 (Iowa 2001) (vacating *conviction and sentence* when plea rendered involuntary by lack of understanding of mandatory minimum sentence); *see also State v. Walker*, 610 N.W.2d 524, 526 (Iowa 2000) (rejecting defendant's argument that sought "to transform what was a favorable plea bargain in the district court to an even better deal on appeal"). We opt not to address the remedy issue further because we reject Ray's claim on the merits.

**AFFIRMED.**