# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-0559
Filed May 13, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Luttreal Dwayne Allen,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Linda M. Fangman, Judge.

———————————

**AFFIRMED**

———————————

Erin Carr of Carr Law Firm, P.L.C., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Schumacher, P.J., Chicchelly, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

Luttreal Allen entered into a plea agreement with an agreed-upon sentence. The court accepted his plea, entered judgment, and sentenced Allen in accordance with the agreement. Allen now appeals, arguing the district court imposed an illegal sentence when it failed to merge his convictions. On our review, we conclude Allen has good cause to appeal, but his convictions do not merge. For that reason, we affirm.

## I. Background Facts and Proceedings.

On March 7, 2022, in the parking lot of a grocery store, Allen punched I.L. in the face one time, causing I.L. to fall backward and hit his head on the pavement. I.L. sustained serious injuries from the assault, eventually leading to his death several months later. Allen was charged with murder in the second degree under Iowa Code section 707.3(1) (2022), a class "B" felony, later amended to include Allen's status as a habitual offender under section 902.8. A second amended trial information added a charge of willful injury causing serious injury under Iowa Code section 708.4(1), also as a habitual offender.

On March 20, 2024, Allen entered a guilty plea to one count of involuntary manslaughter in violation of Iowa Code section 707.5(1), a class "D" felony, and an *Alford*[1] plea to one count of willful injury causing serious injury in violation of Iowa Code section 708.4(1), a class "C" felony, both as a habitual offender. During the plea colloquy, regarding involuntary manslaughter, Allen admitted he recklessly assaulted I.L., and that the assault unintentionally caused I.L.'s death. Regarding willful injury causing serious

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (allowing a criminal defendant to plead guilty without admitting guilt).

injury, Allen agreed that, based on the minutes of testimony, the State would be able to prove the elements of the offense.

The sentencing hearing was held the same day, after Allen waived his right to file a motion in arrest of judgment. The parties agreed that Allen would be sentenced to two consecutive indeterminate terms of incarceration not to exceed fifteen years each, with a mandatory minimum of three years on each conviction. Allen was sentenced in accordance with the plea agreement. He now appeals asserting his sentence was illegal.

## II. Standard of Review.

We review an assertion of an illegal sentence for lack of merger for correction of errors at law. *State v. Greenland*, 17 N.W.3d 347, 351 (Iowa 2025) (citation omitted).

## III. Analysis.

**A. Appellate Jurisdiction.** Before we may consider the merits of Allen's appeal, we must first determine whether we have jurisdiction over the appeal. "Iowa appellate courts lack jurisdiction to review a sentence pursuant to a plea agreement unless the defendant is being sentenced for a 'class "A" felony' or there is 'good cause' to do so." *State v. Hidlebaugh*, 32 N.W.3d 783, 790 (Iowa 2026) (citation omitted). Allen "bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

Our courts "have defined 'good cause' as a 'legally sufficient reason.'" *Hidlebaugh*, 32 N.W.3d at 790 (citation omitted). "A legally sufficient reason is a ground that potentially would afford the appellant relief." *Id.*; *see also State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("[G]ood cause exists to

appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." (citation omitted)).

Allen alleges that the district court imposed an illegal sentence when it failed to merge his convictions for involuntary manslaughter and willful injury causing serious injury. Because a failure to merge is a ground that potentially would afford Allen relief, he has established good cause to appeal. We next consider the merits of his argument.

**B. Merger.** Allen argues that the district court's failure to merge the two convictions resulted in the imposition of an illegal sentence.

Regarding merger of convictions, Iowa Code section 701.9 provides,

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Section 701.9 prohibits a person from being convicted of the same offense twice, "but it does not apply when there are separate offenses." *Greenland*, 17 N.W.3d at 351. If the statute applies and the court fails to merge the convictions, an illegal sentence results. *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

We look at the elements of the two offenses to decide "whether a defendant has been convicted of a public offense that is necessarily included in another public offense within the meaning of the statute." *Greenland*, 17 N.W.3d at 351. In reviewing the elements of the two offenses, "we ask whether the first (greater) crime includes every essential element of the second (lesser) crime." *Id.* (cleaned up). The legal elements test is "purely

a review of the legal elements and does not consider the facts of a particular case." *Krogmann v. State*, 914 N.W.2d 293, 325 (Iowa 2018) (citation omitted).

If a defendant cannot commit the greater offense "without also committing the lesser offense, the lesser is included in the greater, and the convictions merge under section 701.9." *Greenland*, 17 N.W.3d at 351 (cleaned up). "Stated differently, the greater offense must completely overlap the lesser offense to require merger under section 701.9." *Id.* at 351–52 (cleaned up).

Our analysis begins with the elements of the greater offense, willful injury causing serious injury. To be guilty of such, a person must: (1) "do[] an act which is not justified," which is (2) "intended to cause serious injury to another." Iowa Code § 708.4. If a defendant causes serious injury, he is guilty of a class "C" felony. *Id.*

Allen was also convicted of involuntary manslaughter as a class "D" felony under Iowa Code section 707.5(1)(a). That section provides that a person commits involuntary manslaughter when the person: (1) "unintentionally causes the death of another person"; (2) "by the commission of a public offense other than a forcible felony or escape." Our courts have held "that recklessness is an additional element that must be proven to sustain a conviction for involuntary manslaughter." *State v. Miller*, 874 N.W.2d 659, 662 (Iowa Ct. App. 2015) (cleaned up). For that reason, "[t]he underlying public offense must be committed recklessly in order to form the basis of involuntary manslaughter." *State v. Ayers*, 478 N.W.2d 606, 608 (Iowa 1991).

5

When comparing the elements of the two offenses, the convictions do not satisfy the legal elements test because the greater offense can be committed without also committing the lesser offense. Involuntary manslaughter requires proof that Allen recklessly committed an act that unintentionally caused I.L.'s death. Willful injury causing serious injury requires proof that Allen intentionally assaulted I.L. to cause serious injury. The two offenses differ in the mental state necessary to commit the offense. Similarly, involuntary manslaughter requires a death, while willful injury requires only serious injury. Because the lesser offense requires proof of facts that the greater does not, the offenses do not overlap, the legal elements test is not satisfied, and the convictions do not merge.

We reach the same conclusion even if we consider "whether the legislature intended multiple punishments for both offenses." *State v. Brown*, 996 N.W.2d 691, 699 (Iowa 2023) (citation omitted). There is a presumption that "in the absence of a clear indication of contrary legislative intent the legislature ordinarily does not intend cumulative punishment." *Id.* (cleaned up). That said, if the legal elements test is not satisfied, "there is a presumption that multiple punishments can be assessed." *Id.* (cleaned up). "[W]hen discerning legislative intent, we consider the available punishments for each offense." *Id.* "[I]f the greater offense has a penalty that is not in excess of the lesser included offense, then a legislative intent to permit multiple punishments arises." *Id.* (cleaned up).

While Allen agrees that under the legal elements test, willful injury is not a lesser-included offense of involuntary manslaughter, he makes no specific argument that would indicate legislative intent. He does, however, cite *State v Walker*, 610 N.W.2d 524 (Iowa 2000), claiming it is "against the interests of justice to punish [him] for a single action" he committed under

6

two different code sections. The State counters by quoting *Gamble v. United States*, and noting double jeopardy "protects individuals from being twice put in jeopardy 'for the same *offence*,' not for the same *conduct* or *actions*." 587 U.S. 678, 683 (2019) (citation omitted).

The State also notes that Allen was sentenced on both charges as a habitual offender. For that reason, both convictions carried an increased penalty of not more than fifteen years in prison. *See* Iowa Code § 902.9(1)(c). Therefore, under these specific facts coupled with the habitual offender enhancement, the penalty for the greater offense, willful injury, did not exceed that of the lesser offense, involuntary manslaughter. Moreover, the purpose of the two statutes weighs in favor of multiple punishments, as involuntary manslaughter seeks to criminalize reckless behavior causing the death of another, while willful injury causing serious injury criminalizes the intentional act of seriously injuring another. Because a person can intend to cause serious injury—the greater offense—without recklessly causing the death of another—the lesser offense—we conclude that the legislature intended multiple punishments.

Because these offenses do not merge, and the legislature set forth separate punishments for each offense, Allen's claim fails. For those reasons, we affirm.

**AFFIRMED.**