**STATE of Iowa, Plaintiff–Appellee,**

v.

**Kenneth Mick FLANDERS, Defendant–Appellant.**

**No. 94–961.**

Court of Appeals of Iowa.

Feb. 2, 1996.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

Defendant-appellant Kenneth Flanders appeals his conviction, following a jury trial, of kidnapping in the first degree in violation of Iowa Code sections 710.1(3) and 710.2; sexual abuse in the second degree in violation of Iowa Code section 709.3(1); and robbery in the first degree in violation of Iowa Code sections 711.1 and 711.2 (1993).

The charges resulted from allegations defendant robbed Anthony's Lounge in Altoona and abducted at gunpoint and sexually abused Lori Peery, an employee in the business. Defendant on appeal contends (1) the trial court erred in admitting evidence obtained from a warrantless search, (2) his conviction of sexual abuse in the second degree should be vacated because it is a lesser-included offense of kidnapping in the first degree, and (3) there was not substantial evidence supporting the verdict. We affirm the convictions of first-degree kidnapping and robbery. We vacate the sentence and conviction of second-degree sexual abuse, finding it was a lesser-included offense of kidnapping in the first degree.

Defendant first contends the trial court erred in admitting evidence from a warrantless search. Law enforcement personnel were called to Anthony's Lounge and found Peery missing. Evidence pointed to defendant's involvement. Defendant was identified as driving a green truck. The officers were near defendant's father's house when defendant drove up in the green truck, stopped it in his father's driveway, and ran off on foot. The officers then looked in the pick-up and testified they saw a gun butt protruding from a pocket in the front seat cover. The officers removed the gun for claimed safety reasons. They then impounded the vehicle and towed it twelve blocks. It was inventoried. Later, a search warrant to search the vehicle was obtained.

Defendant filed a motion to suppress contending the vehicle, the gun, and items taken from the vehicle should be suppressed. On appeal, defendant makes the same argument but fails to specify what particular items he claims were taken from the vehicle and where they were introduced in evidence at trial. We consider defendant's arguments only as they apply to the gun.

The trial court found the vehicle was not defendant's and, when he ran away, he abandoned it. The trial court then determined defendant had no basis to challenge the search.

Defendant contends the trial court was not correct in so finding. Defendant had unquestioned possession of the vehicle when he parked it in his father's driveway. The only other evidence which hinges on ownership is the testimony of the person who inventoried the truck after it was impounded. That person said, in checking the ownership, he found it was registered to Flanders but not a Flanders with the first name of Kenneth. He did not remember the name on the registration.

We disagree with the trial court defendant had no standing to challenge the search. Before the search, defendant had possession

of the vehicle. The State made no showing defendant did not have an ownership or permissive right to use the vehicle. Defendant had a right to challenge the search. Furthermore, we do not find defendant abandoned the vehicle by leaving it in his father's driveway.

■ The trial court made further findings there was probable cause for the search and exigent circumstances justified the failure to obtain the warrant. The trial court also found the inevitable discovery doctrine applied to the facts here.

■ We agree with the trial court there was probable cause for the search and exigent circumstances justify it. The trial court found the gun was in plain view and there was a reason to suspect defendant had used a gun to abduct the victim. A search without a warrant is presumptively unreasonable unless it comes within a recognized exception to the warrant requirement. *State v. Folkens,* 281 N.W.2d 1, 3 (Iowa 1979). We find there was probable cause for the search. Items in the plain view of a police officer standing outside a car where they have a right to be can furnish probable cause for a subsequent search of the car. *State v. Cullor,* 315 N.W.2d 808, 811 (Iowa 1982); *see also State v. Olsen,* 293 N.W.2d 216, 220 (Iowa 1980), *cert. denied,* 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980).

The officers were investigating a report of suspicious activity by the occupant of the parked truck. The officers were positioned so they were able, with the aid of a flashlight, to see a gun butt in plain view inside the vehicle. The officers had additional information the driver of the car had committed an offense using the gun. These facts, coupled with the police officers' observations, provide probable cause to believe a crime had been committed and gave the officers probable cause to enter defendant's vehicle to search for a gun.

There also were exigent circumstances justifying the failure to obtain a warrant. Defendant was not in custody and the vehicle could have been moved. *See State v. Holderness,* 301 N.W.2d 733, 737 (Iowa 1981). Defendant, the driver of the truck, was at large

and had very recently been seen in the vehicle. These factors, in combination, strongly suggested the gun could be moved if prompt action were not taken. There was the exigency of a danger of violence or injury to the police officers or others. *See State v. Jackson,* 210 N.W.2d 537, 540 (Iowa 1973). We affirm the trial court's decision not to suppress the gun.

■ Defendant next claims the district court erred in entering judgment on defendant's conviction for both first-degree kidnapping and second-degree sexual abuse. The State agrees error was preserved. Defendant's contention is the offenses merged into one. This issue involves the constitutional protection against double jeopardy. Our review of constitutional issues is de novo. *State v. Constable,* 505 N.W.2d 473, 477 (Iowa 1993); *State v. Gallup,* 500 N.W.2d 437, 441 (Iowa 1993).

■ Generally the underlying offense of sexual abuse merges with the kidnapping charge. *See Lamphere v. State,* 348 N.W.2d 212, 218 (Iowa 1984). This is true unless there are two or more separate acts and the State charges them separately and treats them as separate episodes. *See id.* The lesser-included offense analysis addresses situations where multiple charges apply to a single occurrence. Where the alleged acts occur separately and constitute distinct offenses, there can be no complaint one is a lesser-included offense of the other. *See Constable,* 505 N.W.2d at 478; *State v. Newman,* 326 N.W.2d 788, 792 (Iowa 1982); *Holderness,* 301 N.W.2d at 740.

In *Constable,* the defendant was charged with five sexual abuse crimes. Defendant committed each of them during a single encounter with a child. Rejecting Constable's double jeopardy claim, the court found he "engaged in five distinct acts of physical contact; each contact alone met the definition of 'sex act' and each contact alone would be sufficient [for] one count of sexual abuse." *Constable,* 505 N.W.2d at 478.

In *Newman,* the defendant was convicted of first-degree kidnapping and one count of second-degree sexual abuse based on evidence the defendant had driven the victim to

a city park against her will and forced her to perform several sex acts. Upon the defendant's challenge the sexual abuse charge was a lesser-included offense which merged into the kidnapping offense, the State argued the defendant had committed at least two separate and distinct acts of sexual abuse, and only one of those acts formed the basis for the kidnapping charge. The court reversed and merged the sexual abuse conviction because the State had tried and submitted to the jury the sexual abuse as one continuing event. *See Newman,* 326 N.W.2d at 792–93.

In its written findings in *Holderness,* the trial court carefully delineated the facts which supported the commission of each separate offense of sexual abuse and the facts of that case demonstrated the occurrence of two separate crimes in place and time. *Holderness,* 301 N.W.2d at 740. The court found the sexual abuse at one place constituted a distinct and separate offense from the acts of kidnapping and sexual abuse which subsequently occurred. *Id.* As such, in *Holderness,* the trial court did not err in convicting and sentencing the defendant for both crimes. *Id.*

▇▇▇ The State can convict a defendant of both kidnapping in the first degree and sexual abuse if there are separate and distinct occurrences of sexual abuse and the case is presented in a manner that requires the fact finder to make separate factual findings the separate and distinct occurrences happened.

The issue of sexual abuse in the second degree in this case was presented to the jury in Instruction No. 35 which provided, in relevant part:

> In order to find the Defendant, Kenneth Mick Flanders, guilty of the lesser included charge of Sexual Abuse in the Second Degree under Count I of the Trial Infor-

mation, the state must prove all of the following elements:

1. On or about the 22 or 23 day of September, 1993, the defendant performed a sex act with Lori Peery.

2. The Defendant performed the sex act by force or against the will of Lori Peery.

*    *    *    *    *    *

The jury returned one verdict finding defendant guilty of second-degree sexual abuse. We agree with the State there was evidence sexual abuse took place both in the bar and in the pick-up and each act could have formed the basis for separate and distinct findings of a count of sexual abuse. However, the jury was instructed on the course of conduct and not asked to find two distinct and separate acts. We find the holding in *Newman,* 326 N.W.2d at 792–93, instructive. We vacate the conviction and sentence of second-degree sexual abuse.

▇▇▇ Defendant's last contention is there was not substantial evidence he kidnapped the victim. Defendant took the victim with hands tied to an area five miles from the bar where he tried to have intercourse with her, urinated on her, strapped her to a barricade with duct tape, and forced her to have oral sex. This evidence is sufficient to support the charge. *See State v. Knupp,* 310 N.W.2d 179, 182–83 (Iowa 1981).

**AFFIRMED IN PART AND VACATED IN PART.**