# IN THE SUPREME COURT OF IOWA

No. 13–0738

Filed January 23, 2015

**STATE OF IOWA,**

Appellee,

vs.

**DARION AUBREA LOVE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Defendant seeks further review of a court of appeals decision affirming his convictions for assault with intent to inflict serious injury and willful injury. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we are called upon to consider whether the offense of assault with intent to inflict serious injury merges with the offense of willful injury causing bodily injury based upon the instructions given in a case involving a violent domestic altercation. After considering the specific instructions given to the jury at this trial, which established the legal framework for the jury's factual deliberations, we conclude the offenses must merge.

## I. Factual and Procedural Background.

The State charged Darion Love in a three-count trial information. Count I alleged kidnapping in the first degree in violation of Iowa Code sections 710.1 and 710.2 (2011). Count II charged Love with attempted murder in violation of Iowa Code sections 707.1 and 707.11. Count III charged Love with willful injury causing bodily injury in violation of Iowa Code section 708.4(2). Love denied the charges and raised the affirmative defenses of intoxication, diminished responsibility, and justification.

The case proceeded to trial. The evidence revealed that Jennifer Pruett and Love had been dating for approximately five years and had a minor son together. On May 4, 2012, they spent the night drinking in Omaha. They returned to Pruett's house in Council Bluffs at about 10:30 p.m. and resumed drinking. They had sex. When Love tried to initiate sex again, Pruett refused. Love got upset and threw a weight at a living room wall, shattering a mirror. Frightened, Pruett ran into the bedroom and locked the door. Love pounded on the door, threatening to break the windows out of her car if she did not let him in. Pruett relented. When she opened the door, Love took a swing at her and missed. Love's errant blow punched a hole in the wall. Pruett ran to the

bed, and when Love came after her, she grabbed a ceramic coffee mug and threw it at him, hitting Love in the forehead and cutting his scalp. Love then punched and kicked Pruett, bit her, hit her with the legs of a broken TV tray, burned her with a cigarette, and poured fingernail polish remover on her wounds.

In the morning, Love drove Pruett to the hospital. She was hospitalized for two days with both eyes bruised and swollen shut. She had a fractured nose and additional bruising on her legs, back, and arms.

The jury was instructed on kidnapping in the first degree, attempted murder, and willful injury causing bodily injury. The attempted murder instruction included assault with intent to inflict serious injury as a lesser included offense.

Specifically, Instruction No. 26 relating to willful injury causing bodily injury, stated in pertinent part:

> Under Count III; The State must prove all of the following elements of Willful Injury Causing Bodily Injury:
>
> 1. On or about the 5th day of May, 2012, the Defendant assaulted Jennifer Pruett.
>
> 2. The Defendant specifically intended to cause a serious injury to Jennifer Pruett.
>
> 3. Jennifer Pruett sustained a bodily injury.
>
> 4. The Defendant was not justified.

The jury acquitted Love of kidnapping in the first degree and attempted murder but found him guilty of the lesser included charge of assault with intent to inflict serious injury. The jury also convicted Love of willful injury causing bodily injury. The district court sentenced Love to concurrent indeterminate prison terms of five years for willful injury and two years for the assault conviction.

Love timely appealed. The only claim raised on appeal was that the district court's sentence of Love for two separate crimes was illegal because the assault conviction should have merged with the willful injury conviction under Iowa's merger statute. *See* Iowa Code § 701.9 (stating "[n]o person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted"). We transferred the case to the court of appeals, which affirmed. We granted Love's application for further review.

## II. Standard of Review and Issue Preservation.

A district court's failure to merge convictions as required by statute results in an illegal sentence. Such claims may be raised at any time. *See State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995). Review of an illegal sentence for lack of merger is for correction of errors at law. *State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997) (citing Iowa R. App. P. [6.907]).

## III. Discussion of Merger Issue.

**A. Positions of the Parties.** Love makes the straightforward argument that the jury was never instructed there might be multiple convictions of the same crime. Love argues that in this case the jury was instructed it could find him guilty of willful injury as a lesser included offense of attempted murder, and it also could find him guilty of assault with intent. But the instructions never asked the jury to determine if there were two or more separate and distinct criminal acts.

The State counters that notwithstanding the instructions, the evidence offered at trial was plainly sufficient to support multiple criminal acts under *State v. Velez* and its progeny. *See* 829 N.W.2d 572, 581–84 (Iowa 2013) (finding factual basis to support defendant's guilty plea under either the competed-acts test or the break-in-the-action test

to two counts of willful injury causing serious injury to one victim who suffered at least two serious injuries from multiple strikes). As a result, the State reasons the jury could well have found that Love committed two separate crimes, one crime of willful injury and a distinct, separate crime of assault with intent.

**B. Analysis.** There is substantial agreement in this case on two basic points. First, both sides agree there was sufficient evidence in the record to support two separate assaults under *Velez*. Second, the State does not seriously dispute that assault with intent is a lesser included offense of willful injury. The question is which of these competing principles provides the rule of decision in this case.

We think Love has the better argument. In this case, the instructions developed by the parties and approved by the district court did not ask the jury to engage in the fact-finding necessary under *Velez* to support separate acts of assault. *See* 829 N.W.2d at 576–77. There was no instruction, for example, asking the jury to determine whether there was a sufficient "break in the action" necessary to support a finding of multiple assaults under *Velez*. *See id.* at 582–83 (noting "[w]e have previously used a break-in-the-action test to determine if separate acts have been committed"); *cf. State v. Ross*, 845 N.W.2d 692, 701–06 (Iowa 2014) (considering application of *Velez* tests in case involving multiple crimes in context of intimidation with a dangerous weapon); *State v. Copenhaver,* 844 N.W.2d 442, 447–49 (Iowa 2014) (considering question of whether the defendant committed two separate and distinct robberies). While the factual record may have supported such a determination, the jury simply was not asked to consider this factual issue. In *State v. Folck*, we said:

> In the present case, defendant subjected his victim to three incidents of sexual abuse within a short period of time, all within the confines of his automobile. One was an act of fellatio, the other two were sexual intercourse. Assuming, without deciding, that these different assaults upon different parts of the body *could* have formed the basis for finding defendant had committed separate and distinct crimes, [Iowa R. Crim. P. 2.6(1)], we hold this was precluded by the manner in which the case was tried, submitted, and decided.

325 N.W.2d 368, 376 (Iowa 1982); *accord State v. Flanders*, 546 N.W.2d 221, 225 (Iowa Ct. App. 1996) ("The State can convict a defendant of both kidnapping in the first degree and sexual abuse *if* there are separate and distinct occurrences of sexual abuse *and* the case is presented in a manner that requires the fact finder to make separate factual findings the separate and distinct occurrences happened." (Emphasis added.)); *see State v. Newman*, 326 N.W.2d 788, 792–93 (Iowa 1982) (noting that from start to finish the State treated the crime as one continuing event, and "[t]he State cannot depart from that course now"); *see also State v. Morgan*, 559 N.W.2d 603, 611–12 (Iowa 1997) (same).

Instead, under the instructions, the jury was to determine whether Love could be convicted of a list of crimes beginning with the most serious crime of kidnapping and descending to the least serious crime of assault with intent. The jury began at the top and worked its way down the instructions, finding the defendant not guilty of kidnapping in the first degree and attempted murder, but then finding the defendant guilty of willful injury and assault with intent. Again, however, the jury was never asked to do the fact-finding necessary to support two separate assaults.

As a result, we cannot agree with the State's argument that because the evidence might have supported such a determination the jury found Love guilty of two separate acts of assault. Under the instructions in this case, the jury was only asked to proceed serially

through a list of crimes and determine which crime was supported by the totality of the record. Under the unique circumstances of the instructions given in this case, and after comparing the marshaling instructions and statutory elements of willful injury and assault with intent, we conclude the offenses should merge. *See State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001) (noting the test of merger is purely a review of the legal elements and does not consider the facts of a particular case); *State v. Jeffries*, 430 N.W.2d 728, 738–39 (Iowa 1988) (same). There is no question that as a general proposition, the crime of willful injury cannot be completed without also completing the crime of assault with intent. *See, e.g., State v. Blanks*, 479 N.W.2d 601, 606 (Iowa Ct. App. 1991) (noting "assault with intent was a lesser-included offense of willful injury [and as] such, the trial court should have merged the verdicts"); *see also State v. Winstead*, 552 N.W.2d 651, 654 (Iowa Ct. App. 1996) (same).

Under the unique circumstances presented by the serial instructions in this case, we conclude the crimes must merge even though under different instructions, the evidence might have been sufficient to support separate crimes under a *Velez* break-in-the-action theory. As a result, the judgment and sentence imposed upon Love for assault with intent is unlawful and must be vacated. *See* Iowa R. Crim. P. 2.6(2) (prohibiting a defendant from being convicted of both greater and lesser included offenses); *State v. Belken*, 633 N.W.2d 786, 802 (Iowa 2001). The conviction related to willful injury, however, is valid and remains undisturbed.

**IV. Conclusion.**

For the above reasons, Love's conviction of assault with intent is vacated and the case remanded to the district court for sentencing on the willful injury conviction.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Mansfield, J., who concurs specially.

**MANSFIELD, Justice (concurring specially).**

I join in the court's well-reasoned opinion but write separately to set forth my views on how the court's decision should be implemented in our district courts in the future.

We have recently decided a series of multiplicity cases, presenting the question whether the defendant committed one or more than one criminal act. *See State v. Ross*, 845 N.W.2d 692, 698 (Iowa 2014); *State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014); *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014); *State v. Velez,* 829 N.W.2d 572, 577 (Iowa 2013). *Gines* and *Velez,* however, involved guilty pleas in which the only issue was whether there was a factual basis to conclude the defendant had committed multiple crimes. *See Gines*, 844 N.W.2d at 441; *Velez*, 829 N.W.2d at 576–77. *Ross* and *Copenhaver* were jury trials, but the issue raised by the defendants in those cases was the statutory unit of prosecution, not the possibility that both convictions were based upon the same conduct. *See Ross*, 845 N.W.2d at 698; *Copenhaver*, 844 N.W.2d at 447–49.

When the instructions permit the jury to convict the defendant twice of the same offense (or of an offense and a lesser included offense) based on the same conduct, and two guilty verdicts are returned, merger must follow. In *State v. Flanders*, the court of appeals explained,

> The State can convict a defendant of both kidnapping in the first degree and sexual abuse if there are separate and distinct occurrences of sexual abuse *and the case is presented in a manner that requires the fact finder to make separate factual findings the separate and distinct occurrences happened.*

546 N.W.2d 221, 225 (Iowa Ct. App. 1996) (emphasis added). In *Flanders,* the instructions did not separate the sexual abuse that was the

basis for the defendant's sexual abuse conviction from the sexual abuse that was the basis for the defendant's first-degree kidnapping instruction. *Id.* Therefore, merger was required even though the jury could have found two separate acts of sexual abuse if asked to do so. *See id.* As the court put it,

> We agree with the State there was evidence sexual abuse took place both in the bar and in the pick-up and each act could have formed the basis for separate and distinct findings of a count of sexual abuse. However, the jury was instructed on the course of conduct and not asked to find two distinct and separate acts.

*Id.*; *accord State v. Newman*, 326 N.W.2d 788, 793 (Iowa 1982) ("We do not foreclose the State's right to convict a defendant of both kidnapping in the first degree and sexual abuse if the case is presented to the jury in that way and the jury makes findings accordingly. A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime."); *State v. Folck*, 325 N.W.2d 368, 376 (Iowa 1982) ("Assuming, without deciding, that these different assaults upon different parts of the body *could* have formed the basis for finding defendant had committed separate and distinct crimes, . . . we hold this was precluded by the manner in which the case was tried, submitted, and decided.").

The court reiterates this basic proposition today, and rightly so. *See generally Simmons v. State*, 899 P.2d 931, 933, 937 (Alaska Ct. App. 1995) (finding that merger of two counts of being a felon in possession of a firearm was required because "although the evidence presented at trial might theoretically have supported a finding of interrupted possession, the jury was never required to consider or decide the issue"); *State v. Perry*, 968 P.2d 674, 679 (Kan. 1998) (merging aggravated battery conviction with attempted murder conviction when the instructions "do

not require the jury to distinguish between the pistol whipping and the shooting to determine whether two separate acts occurred[, n]or do the jury verdict forms distinguish the separate acts of violence claimed by the State"); *Nicolas v. State*, 44 A.3d 396, 411–12 (Md. 2012) (holding that where the factual record is ambiguous as to whether the jury found the defendant guilty of assault and resisting arrest based upon the same acts, merger is required); *see also Harp v. Commonwealth*, 266 S.W.3d 813, 818 (Ky. 2008) ("We again instruct the bench and bar of the Commonwealth that in a case involving multiple counts of the same offense, a trial court is obliged to include some sort of identifying characteristic in each instruction that will require the jury to determine whether it is satisfied from the evidence the existence of facts proving that each of the separately charged offenses occurred.").

If the State wishes to avoid this outcome, it must ensure the defendant is charged and the jury is instructed in a way that requires a finding of separate conduct for each conviction. For example, in this case, the evidence showed that the defendant brutally kicked the victim, then had one or more phone calls, then beat her repeatedly with a broken end table leg, then had more phone calls, and finally picked up nail polish remover and poured it into her face. Had the jury been instructed separately on the separate incidents of the kicking, the beating with the table leg, and the pouring of the nail polish remover, this could have supported multiple assault convictions (or multiple willful injury convictions, if separate injuries resulted).

Once the State proposes instructions that eliminate the possibility the same conduct will be used to convict the defendant twice for the same offense or convict the defendant of both a greater offense and a lesser included offense, the ball is in the defendant's court. If the

defendant believes separate convictions still cannot be pursued because there was only one unit of prosecution, then the burden shifts to the defendant to object to the instructions and verdict forms. The district court would consider the defendant's objection. If the district court found as a matter of law that the separate counts involve separate criminal acts, it would overrule the objection and submit the separate counts to the jury. If the district court agreed with the defendant, it would allow only one of the counts to go to the jury. And if the court was uncertain whether more than one potential criminal act was involved, it could ask the jury to make a finding on this issue, based upon the legislature's definition of the offense and using the standards we have discussed in *Velez*, 829 N.W.2d at 579–84, and *Ross*, 845 N.W.2d at 698–700.[1]

Of course, even if the defendant failed to object to the instructions and verdict forms, he or she could later argue that merger of the convictions was required, because the error preservation rule does not apply to a defendant's statutory claim of an illegal sentence. *See State v.*

---

[1]I believe in most cases the determination whether more than one potential criminal act was involved could be made as a matter of law. But in a case where it is possible to divide up the conduct into discrete segments in the jury instructions, yet it is debatable whether each segment can be treated as a separate criminal act, and the jury was not instructed to make appropriate findings despite the defendant's request, then a retrial would be necessary. *See Feddiman v. State*, 558 A.2d 278, 289–90 (Del. 1989) (upholding defendant's conviction of eight counts of unlawful sexual intercourse with the same victim where the jury was instructed " 'to find the defendant guilty as to each count, you must find that a separate and distinct act occurred' " and the jury was also instructed on factors to consider); *State v. Frisbee*, 156 P.3d 1182, 1186–87, 1190 (Haw. 2007) (ordering a new trial where the defendant was convicted of two kidnappings based on a single course of conduct with a single victim and no "merger instruction" was given); *cf. Commonwealth v. Suero*, 987 N.E.2d 1199, 1202–04 (Mass. 2013) (merging two convictions where the defendant was convicted of indecent assault and battery for moving a girl's nightclothes and then rape for engaging in oral sex on her, even though the jury was instructed that the crimes " 'must be based on proof of wholly separate acts,' " because as a matter of law "the conduct supporting the indecent assault and battery was incidental and necessary to the rape").

*Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999).  But in that event, merger would not occur so long as substantial evidence supported a determination that two separate criminal acts had occurred.  *See State v. Merrett*, 842 N.W.2d 266, 275 (Iowa 2014) (noting "[t]he instructions as given became the law of the case").  Any other challenge from a defendant who had failed to object at trial would have to be raised as an ineffective-assistance-of-counsel claim.