MANSFIELD, Justice
(concurring specially).
I join in the court’s well-reasoned opinion but write separately to set forth my views on how the court’s decision should be implemented in our district courts in the future.
We have recently decided a series of multiplicity cases, presenting the question whether the defendant committed one or *726 more than one criminal act. See State v. Ross, 845 N.W.2d 692, 698 (Iowa 2014); State v. Copenhaver, 844 N.W.2d 442, 447 (Iowa 2014); State v. Gines, 844 N.W.2d 437, 441 (Iowa 2014); State v. Velez, 829 N.W.2d 572, 577 (Iowa 2013). Gines and Velez, however, involved guilty pleas in which the only issue was whether there was a factual basis to conclude the defendant had committed multiple crimes. See Gines, 844 N.W.2d at 441; Velez, 829 N.W.2d at 576-77. Ross and Copenhaver were jury trials, but the issue raised by the defendants in those cases was the statutory unit of prosecution, not the possibility that both convictions were based upon the same conduct. See Ross, 845 N.W.2d at 698; Copenhaver, 844 N.W.2d at 447-49.
When the instructions permit the jury to convict the defendant twice of the same offense (or of an offense and a lesser included offense) based on the same conduct, and two guilty verdicts are returned, merger must follow. In State v. Flanders, the court of appeals explained,
The State can convict a defendant of both kidnapping in the first degree and sexual abuse if there are separate and distinct occurrences of sexual abuse and the case is presented in a manner that requires the fact finder to make separate factual findings the separate and distinct occurrences happened.
546 N.W.2d 221, 225 (Iowa Ct.App.1996) (emphasis added). In Flanders, the instructions did not separate the sexual abuse that was the basis for the defendant’s sexual abuse conviction from the sexual abuse that was the basis for the defendant’s first-degree kidnapping instruction. Id. Therefore, merger was required even though the jury could have found two separate acts of sexual abuse if asked to do so. See id. As the court put it,
We agree with the State there was evidence sexual abuse took place both in the bar and in the pick-up and each act could have formed the basis for separate and distinct findings of a count of sexual abuse. However, the jury was instructed on the course of conduct and not asked to find two distinct and separate acts.
Id.; accord State v. Newman, 326 N.W.2d 788, 793 (Iowa 1982) (“We do not foreclose the State’s right to convict a defendant of both kidnapping in the first degree and sexual abuse if the case is presented to the jury in that way and the jury makes findings accordingly. A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime.”); State v. Folck, 325 N.W.2d 368, 376 (Iowa 1982) (“Assuming, without deciding, that these different assaults upon different parts of the body could have formed the basis for finding defendant had committed separate and distinct crimes, ... we hold this was precluded by the manner in which the case was tried, submitted, and decided.”).
The court reiterates this basic proposition today, and rightly so. See generally Simmons v. State, 899 P.2d 931, 933, 937 (Alaska Ct.App.1995) (finding that merger of two counts of being a felon in possession of a firearm was required because “although the evidence presented at trial might theoretically have supported a finding of interrupted possession, the jury was never required to consider or decide the issue”); State v. Perry, 266 Kan. 224, 968 P.2d 674, 679 (1998) (merging aggravated battery conviction with attempted murder conviction when the instructions “do not require the jury to distinguish between the pistol whipping and the shooting to determine whether two separate acts oecurred[, n]or do the jury verdict forms distinguish the separate acts of violence claimed by the State”); Nicolas v. State, 426 Md. 385, *727 44 A.3d 396, 411-12 (2012) (holding that where the factual record is ambiguous as to whether the jury found the defendant guilty of assault and resisting arrest based upon the same acts, merger is required); see also Harp v. Commonwealth, 266. S.W.3d 813, 818 (Ky.2008) (“We again instruct the bench and bar of the Commonwealth that in a case involving multiple counts of the same offense, a trial court is obliged to include some sort of identifying characteristic in each instruction that will require the jury to determine whether it is satisfied from the evidence the existence of facts proving that each of the separately charged offenses occurred.”).
If the State wishes to avoid this outcome, it must ensure the defendant is charged and the jury is instructed in a way that requires a finding of separate conduct for each conviction. For example, in this case, the evidence showed that the defendant brutally kicked the victim, then had one or more phone calls, then beat her repeatedly with a broken end table leg, then had more phone calls, and finally picked up nail polish remover and poured it into her face. Had the jury been instructed separately on the separate incidents of the kicking, the beating with the table leg, and the pouring of the nail polish remover, this could have supported multiple assault convictions (or multiple willful injury convictions, if separate injuries resulted).
Once the State proposes instructions that eliminate the possibility the same conduct will be used to convict the defendant twice for the same offense or convict the defendant of both a greater offense and a lesser included offense, the ball is in the defendant’s court. If the defendant believes separate convictions still cannot be pursued because there was only one unit of prosecution, then the burden shifts to the defendant to object to the instructions and verdict forms. The district court would consider the defendant’s objection. If the district court found as a matter of law that the separate counts involve separate criminal acts, it would overrule the objection and submit the separate counts to the jury. If the district court agreed with the defendant, it would allow only one of the counts to go to the jury. And if the court was uncertain whether more than one potential criminal act was involved, it could ask the jury to make a finding on this issue, based upon the legislature’s definition of the offense and using the standards we have discussed in Velez, 829 N.W.2d at 579-84, and Ross, 845 N.W.2d at 698-700.[1]
*728 Of course, even if the defendant failed to ■ object to the instructions and verdict forms, he or she could later argue that merger of the convictions was required, because the error preservation rule does not apply to a defendant’s statutory claim of an illegal sentence. See State v. Mulvany, 600 N.W.2d 291, 298 (Iowa 1999). But in that event, merger would not occur so long as substantial evidence supported a determination that two separate criminal acts had occurred. See State v. Merrett, 842 N.W.2d 266, 275 (Iowa 2014) (noting “[t]he instructions as given became the law of the case”). Any other challenge from a defendant who had failed to object at trial would have to be raised as an ineffective-assistance-of-counsel claim.

. I believe in most cases the determination whether more than one potential criminal act was involved could be made as a matter of law. But in a case where it is possible to divide up the conduct into discrete segments in the jury instructions, yet it is debatable whether each segment can be treated as a separate criminal act, and the jury was not instructed to make appropriate findings despite the defendant's request, then a retrial would be necessary. See Feddiman v. State, 558 A.2d 278, 289-90 (Del.1989) (upholding-defendant’s conviction of eight counts of unlawful sexual'intercourse with the same victim where the jury was instructed " ‘to find the defendant guilty as to each count, you must find that a separate and distinct act occurred’ ” and the jury was also instructed on factors to consider); State v. Frisbee, 114 Hawai’i 76, 156 P.3d 1182, 1186-87, 1190 (2007) (ordering a new trial where the defendant was convicted of two kidnappings based on a single course of conduct with a single victim and no "merger instruction” was given); cf. Commonwealth v. Suero, 465 Mass. 215, 987 N.E.2d 1199, 1202-04 (2013) (merging two convictions where the defendant was convicted of indecent assault and battery for moving a girl’s nightclothes and then rape for engaging in oral sex on her, even though the jury was instructed that the crimes " ‘must be based on proof of wholly separate acts,’ ” because as a matter of law "the conduct supporting the indecent assault and battery was incidental and necessary to the rape”).