**IN THE COURT OF APPEALS OF IOWA**

No. 15-0702
Filed January 13, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KELLY ROBERT HILPIPRE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Warren County, Martha L. Mertz,

Judge.


      A defendant appeals, claiming his sentence is illegal.  **AFFIRMED.**


      Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Kevin Cmelik and Sheryl A.

Soich, Assistant Attorneys General, for appellee.


      Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Kelly Hilpipre entered an *Alford* plea[1] to willful injury causing bodily injury and domestic abuse assault. The district court entered judgment and sentence, which included prison terms. Hilpipre now appeals, arguing his sentence is illegal because the offenses of willful injury and domestic assault should merge. Illegal sentences may be corrected at any time. *See State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

A person may not be convicted of an "offense which is necessarily included in another public offense of which the person is convicted." Iowa Code § 701.9 (2013). In 2001, the Iowa Supreme Court concluded the crimes of domestic abuse assault and willful injury do not merge, explaining:

> It is at once apparent that the domestic abuse assault charges contain an element not found in the willful injury charge: "The act occurred between household members who resided together at the time of the incident." Thus, it is possible to commit the greater offense without also committing the lesser offenses. Consequently, the domestic abuse assault convictions are not "necessarily included" in the willful injury conviction.

*State v. Rodriquez*, 636 N.W.2d 234, 247 (Iowa 2001); *see also State v. Scott*, No. 10-1160, 2012 WL 664635, at *1-2 (Iowa Ct. App. Feb. 29, 2012) ("It is clear that willful injury may be committed without committing domestic abuse assault with the intent to inflict a serious injury, as willful injury does not require a family or household relationship. For this reason, domestic abuse assault with the intent to inflict a serious injury is not 'necessarily included' in the willful injury

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

conviction, and the district court did not err in entering separate judgments and sentences for each crime." (internal citation omitted)).

Hilpipre asks us to overrule *Rodriquez*. As an intermediate appellate court, we have no such power. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Based on *Rodriquez*, we decline to merge the crimes. *See* 636 N.W.2d at 247; *State v. Pittman*, No. 14-2124, 2015 WL 7686995, at *1 (Iowa Ct. App. Nov. 25, 2015). Accordingly, we affirm Hilpipre's convictions and sentence.

**AFFIRMED.**